UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
RONALD E. FRANKLIN, a/k/a RONALDO
E. FRANKLIN,

                    Plaintiff,

v.

COUNTY OF DUTCHESS, et al.,

                    Defendants.

--------------------------------------------------------X

**<u>OPINION AND ORDER</u>**

23-CV-06653 (PMH)

PHILIP M. HALPERN, United States District Judge:

Ronald E. Franklin a/k/a Ronaldo E. Franklin ("Plaintiff") brings this action against New York State Trooper Eric W. Ordway ("Ordway"), Trooper Alexander D'Alfonso ("D'Alfonso") and Investigator David Cross ("Cross" and collectively, "Defendants"),[1] asserting claims under 42 U.S.C. § 1983 for violation of his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, abuse of process, and denial of a fair trial, arising out of his traffic-stop arrest on August 2, 2020. (Doc. 68, "TAC").

Pending presently before the Court is Defendants' motion for summary judgment seeking dismissal of the Third Amended Complaint under Federal Rule of Civil Procedure 56. (Doc. 94; Doc. 95, "Luo Decl."; Doc. 97, "Def. Br."; Doc. 96). Plaintiff opposed Defendants' motion (Doc.

---

[1] Plaintiff also proceeds against "John Does # 1-3." (*See generally* Doc. 68). There is no indication that these individuals have been identified or served, but they remain parties to this action. Any claims against these unknown actors must, at this juncture, be—and are hereby—dismissed without prejudice for failure to prosecute. "Where discovery has closed and the Plaintiff has had ample time and opportunity to identify and serve John Doe Defendants, it is appropriate to dismiss those Defendants without prejudice." *Delrosario v. City of New York*, No. 07-CV-02027, 2010 WL 882990, at *5 (S.D.N.Y. Mar. 4, 2010); *see also Vanderwoude v. City of New York*, No. 12-CV-09046, 2014 WL 2592457, at *8 (S.D.N.Y. June 10, 2014) ("Discovery in this case has now closed, and the record does not reflect any attempts by Plaintiff to identify and/or serve this defendant. Indeed, neither party has mentioned this defendant in the summary judgment briefing. Based on this record, the Court *sua sponte* dismisses Plaintiff's claims against Defendant Police Officer Jane Doe Number 1 without prejudice for failure to prosecute.").

98, "Opp. Br."; Doc. 99, "Glaser Decl.")[2] and the motion was fully submitted with the filing of Defendants' reply brief (Doc. 101, "Reply").

For the reasons set forth below, Defendants' motion is GRANTED and the Third Amended Complaint is dismissed.

## BACKGROUND

The Court draws the facts herein from the pleadings, the Rule 56.1 Statement and Plaintiff's responses thereto, and the admissible evidence proffered by the parties. Unless otherwise indicated, the facts cited herein are undisputed.[3]

---

[2] Plaintiff combined his Rule 56.1(b) response and "Counterstatement" of additional material facts into one document, with his "Counterstatement" setting forth additional material facts in numbered paragraphs beginning again at number one. The Court hereafter refers to the first section of the document as "56.1" (Doc. 96 at 1-21) and the second section as "Pl.'s CntrStmt." (*id.* at 22-27). Plaintiff also attempted to file with his opposition papers his own purported "Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1." (Doc. 100-1). He filed that document twice, despite the Court's clear statement on the record that the deadline for Plaintiff to move for summary judgment had passed (*see* Doc. 89 at 2:17-22) and the Court's subsequent written orders denying Plaintiff's requests to add facts to the Rule 56.1 Statement (Doc. 90, Doc. 91, Doc. 92, Doc. 93). Indeed, the Court ordered stricken a purported "Counterstatement" filed by Plaintiff after the motion was fully briefed (Doc. 102) as unauthorized and in direct contravention of the Court's prior orders. (Doc. 104). The Court likewise disregards as improper and unauthorized the "Counter Statement of Facts" and "Additional Material Facts in Opposition to Formal Motion" that Plaintiff incorporated into his Opposition Brief. (Opp. Br. at 5-7).

[3] The Local Rules of the United States District Courts for the Southern and Eastern Districts of New York instruct that a "paragraph in the [movant's] statement of material facts . . . will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party." Local Civil Rule 56.1(c). Furthermore, "[e]ach statement by the . . . opponent . . . including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible . . . ." *Id.* at 56.1(d). Plaintiff, who is represented by counsel, did not comply with Local Civil Rule 56.1 in many respects, including failing to cite to record evidence showing a disputed material fact. Plaintiff, in many instances, cites to a description of evidence, such as "Lyle Testimony, FRANKLIN DEF 000368-000374" (*see* 56.1 ¶ 31), but not to any corresponding exhibit in the summary judgment record. The Second Circuit "has instructed that Local Rule 56.1 is 'strict.'" *McGowan v. Stanley*, No. 23-7769-CV, 2024 WL 5038633, at *2 (2d Cir. Dec. 9, 2024) (quoting *T.Y. v. New York City Dep't of Educ.*, 584 F.3d 412, 417 (2d Cir. 2009)). And "district courts are 'not required to consider what the parties fail to point out in their Local Rule 56.1 statements.'" *Id.* (quoting *T.Y.*, 584 F.3d at 417)). Under these circumstances, where appropriate, the Court "deem[s] admitted the facts asserted in [Defendants'] Local Rule 56.1 statement because they were not specifically controverted by [Plaintiff] in the manner demanded by Local Rule 56.1." *Malarczyk v. Lovgren*, No. 22-504, 2023 WL 8073099, at *1 (2d Cir. Nov. 21, 2023). To the extent, however, that the record demonstrates the existence of a genuine dispute of material fact, the Court considers and takes that evidence into account herein.

On July 28, 2020, Plaintiff rented a 2020 silver Jeep Gladiator from Avis Budget Group (the "Jeep"). (56.1 ¶ 1). Plaintiff was the only authorized driver of the Jeep. (*Id.* ¶ 2; Luo Decl., Ex. G). On August 1, 2020, Plaintiff drove the Jeep to 302 Lounge in Poughkeepsie. (56.1 ¶ 3). He arrived at approximately midnight (on August 2, 2020), and drank two or three shots of Hennessy at 302 Lounge. (*Id.* ¶¶ 4-5). Plaintiff felt "a little messed up" and "a bit inebriated." (*Id.* ¶ 7). While at 302 Lounge, Plaintiff ran into his friend, Austin Lyle, and they remained at 302 Lounge until it closed around 2:30 or 3:00 a.m. and Mr. Lyle finished packing up his DJ equipment.[4] (*Id.* ¶¶ 8, 10-11). When they left, Plaintiff and Mr. Lyle met up with two women, Nardean Marji and Ellie Brito. (*Id.* ¶¶ 12, 14). Plaintiff, Mr. Lyle, Ms. Marji, and Ms. Brito headed to the Quality Inn in the Town of Hyde Park. (*Id.* ¶ 15).

Defendants Ordway and D'Alfonso were on patrol in Hyde Park on the morning of August 2, 2020, heading southbound on Route 9. (*Id.* ¶ 16). They observed the Jeep traveling northbound at 73 miles per hour in a 45 mile per hour speed limit zone. (*Id.* ¶ 18).[5] They made a U-turn to follow the Jeep, observing it turn in the general direction of the Quality Inn, so they drove by the front entrance and when they did not see the Jeep in the front parking lot, they proceeded to turn right down Terwilliger Road, where they observed the Jeep in the back parking lot of the Quality Inn. (*Id.* ¶¶ 19, 22-24). They turned into the back parking lot of the Quality Inn and Ordway parked

---

[4] Mr. Lyle testified that he and Plaintiff had been friends for about four years, having first met when Plaintiff was selling puppies at the waterfront. (Luo Decl., Ex. J at 102:13-25).

[5] Plaintiff denied the rate of speed set forth in this statement of fact, citing "OD 88:2-25, 136:6-138:2" in support of the denial. The Court has reviewed Ordway's deposition transcript, which was annexed as Exhibit C to the Luo Declaration. Therein, Ordway testified that he did not know how far his vehicle was from the Jeep when he came to a stop (Luo Decl., Ex. C. at 88:2-25), and that he was conducting a traffic stop of the Jeep due to violations of the Vehicle and Traffic Law ("VTL") including speeding, but that his police report narrative did not specifically state that the Jeep was being followed due to a speeding violation (*id.* at 136:6-138:2). Put simply, the evidence cited by Plaintiff does not support his denial of this statement of fact nor does it contravene the evidence cited by Defendants in support of the statement of fact (*see* 56.1 ¶ 18 (citing Luo Decl., Exs. I and L)). Accordingly, this fact is deemed admitted.

the police vehicle perpendicular to the Jeep. (*Id.* ¶ 25). Ordway observed a female passenger in the front seat as well as a male and a female passenger in the back seat. (*Id.* ¶ 29). D'Alfonso observed an individual exiting around the driver's side of the Jeep, heading towards the front of the Jeep to the back door of the hotel, who appeared to be staggering. (Luo Decl., Ex. I at 70:11-71:9; *see also* Luo Decl., Ex. H).[6] D'Alfonso testified, at Plaintiff's subsequent criminal trial, that he asked the individual who was driving and the individual, later identified as Plaintiff, affirmed that he was the driver. (Luo Decl., Ex. I at 71:21-72:21). Plaintiff disputes the accuracy of D'Alfonso's statement, citing Mr. Lyle's trial testimony that he was the driver and Plaintiff did not operate the Jeep that night. (*See* 56.1 ¶¶ 30, 31 (citing "Lyle Testimony, FRANKLIN DEF 000368-000374"; and "Marji FRANKLIN DEF 000108")[7]; 56.1 ¶ 45).

D'Alfonso testified that upon initially encountering Plaintiff behind the Quality Inn, he immediately questioned Plaintiff about who was driving without asking his identity or about the alleged speeding first. (Pl.'s CntrStmt. ¶ 17). D'Alfonso asked Plaintiff whether he had anything to drink that night and Plaintiff affirmed that he had been drinking. (56.1 ¶¶ 35, 36). Plaintiff failed three Standardized Field Sobriety Tests ("SFSTs") administered to him by D'Alfonso. (*Id.* ¶¶ 37, 38). Plaintiff submitted to a roadside breath test which tested positive for the presence of alcohol. (*Id.* ¶ 39). Thereupon, Ordway placed Plaintiff under arrest. (*Id.* ¶ 40). Mr. Lyle did not say anything to Ordway or D'Alfonso when Plaintiff was being arrested and did not tell them that he was driving the Jeep. (*Id.* ¶¶ 44, 45).

---

[6] Plaintiff denied in his responses to the Rule 56.1 Statement that D'Alfonso so testified, and that the police report from the incident in question so stated, citing to Ordway's trial testimony. (*See* 56.1 ¶¶ 26, 27). The Court has reviewed the evidence cited in support of these statements of fact and observes that Plaintiff's denial is improper and does not cite evidence contravening the facts therein.

[7] The Court, despite Plaintiff's failure to properly cite to record evidence, has been able to locate the relevant pages of Mr. Lyle's trial testimony (Luo Decl., Ex. J at 105:13-108:10), as well as Ms. Marji's statement (Luo Decl., Ex. X), in this summary judgment record.

Ordway filled out a charging instrument on August 2, 2020, which stated that the vehicle operation was shown by their observations, Plaintiff's admissions, observations of Plaintiff near the vehicle, keys in the ignition, and the motor running. (*Id.* ¶ 50). The charging instrument further stated that probable cause for arrest was through observation of Plaintiff's odor of alcoholic beverage, glassy eyes, impaired coordination, failure of three SFSTs, oral admissions, and positive breath screening test. (*Id.* ¶ 51). Plaintiff initialed "RF" to the verification portion to the charging instrument. (Luo Decl., Ex. M). On August 2, 2020, Ordway filled out a Felony Complaint, accusing Plaintiff of driving while intoxicated. (56.1 ¶ 52). Plaintiff was released and issued an appearance ticket for August 18, 2020. (*Id.* ¶ 53). On August 5, 2020, Senior Assistant District Attorney Jennifer Fluck sent a letter to Plaintiff stating that Plaintiff had been arraigned on a felony complaint in a local criminal court and would be the subject of a Grand Jury proceeding. (*Id.* ¶ 54). Plaintiff was detained on or around August 5, 2020 for violating the provisions of his preexisting parole. (*Id.* ¶ 55). On October 22, 2020, the Grand Jury indicted Plaintiff on two counts of operating a motor vehicle while under the influence of alcohol. (*Id.* ¶¶ 59-61). On June 25, 2021, following a criminal trial, Plaintiff was found not guilty of either count. (*Id.* ¶ 84).

This litigation followed and Defendants now move for summary judgment dismissing the Third Amended Complaint.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if it 'might affect the outcome of the suit under the governing law,' and is genuinely in dispute 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Liverpool v. Davis*, 442 F.

Supp. 3d 714, 722 (S.D.N.Y. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).[8] "'Factual disputes that are irrelevant or unnecessary' are not material and thus cannot preclude summary judgment." *Sood v. Rampersaud*, No. 12-CV-05486, 2013 WL 1681261, at *1 (S.D.N.Y. Apr. 17, 2013) (quoting *Anderson*, 477 U.S. at 248). The Court's duty, when determining whether summary judgment is appropriate, "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *Id.* (quoting *Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 60 (2d Cir. 2010)). Indeed, the Court's function is not to determine the truth or weigh the evidence; the task is material issue spotting, not material issue determining. Therefore, "where there is an absence of sufficient proof as to one essential element of a claim, any factual disputes with respect to other elements of the claim are immaterial. . . ." *Bellotto v. Cnty. of Orange*, 248 F. App'x 232, 234 (2d Cir. 2007) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 281 (2d Cir. 2006)). Claims simply cannot proceed in the absence of sufficient proof as to an essential element.

"It is the movant's burden to show that no genuine factual dispute exists," *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)), and a court must "resolve all ambiguities and draw all reasonable inferences in the non-movant's favor." *Id.* (citing *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003)). Once the movant has met its burden, the non-movant "must come forward with specific facts showing that there is a genuine issue for trial." *Liverpool*, 442 F. Supp. 3d at 722 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The non-movant cannot defeat a summary judgment motion by relying on "mere speculation or conjecture as to the true nature of the facts. . . ." *Id.* (quoting *Knight v. U.S. Fire Ins. Co.*, 804 F.2d

---

[8] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

9, 12 (2d Cir. 1986)). However, "[i]f there is any evidence from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper." *Sood*, 2013 WL 1681261, at *2 (citing *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004)).

Should there be no genuine issue of material fact, the movant must establish also its "entitlement to judgment as a matter of law." *In re Davis New York Venture Fund Fee Litig.*, 805 F. App'x 79, 80 (2d Cir. 2020) (quoting *FIH, LLC v. Found. Capital Partners LLC*, 920 F.3d 134, 140 (2d Cir. 2019)). Stated simply, the movant must establish that the law favors the judgment sought. *Gonzalez v. Rutherford Corp.*, 881 F. Supp. 829, 834 (E.D.N.Y. 1995) (explaining "that summary judgment is appropriate only when . . . law supports the moving party"); *Linares v. City of White Plains*, 773 F. Supp. 559, 560 (S.D.N.Y. 1991) (explaining that summary judgment is appropriate when "the law so favors the moving party that entry of judgment in favor of the movant dismissing the complaint is proper").

## **ANALYSIS**

Plaintiff alleges three claims for relief under 42 U.S.C. § 1983: (1) violation of civil rights (invoking the First, Fourth, Fifth, Eighth, and Fourteenth Amendments); (2) abuse of process; and (3) denial of a fair trial.

The Court addresses each of Plaintiff's claims in turn.

I.    <u>First Claim for Relief: False Arrest and Malicious Prosecution</u>

Plaintiff's first claim for relief is an omnibus claim against Defendants Ordway and D'Alfonso, asserting violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments. (TAC ¶¶ 25-32). Specifically, Plaintiff alleges that Defendants Ordway and D'Alfonso deprived him of his rights "[n]ot to be deprived of liberty without due process of law;" "[t]o be free from

7

seizure and arrest not based upon probable cause;" "[t]o be free from searches not based upon probable cause;" "[t]o be free from unwarranted and malicious criminal prosecution;" and "[t]o receive equal protection under the law." (*Id.* ¶ 31(a)-(e)). Defendants argue that to the extent this claim alleges First, Fifth, Eighth, and Fourteenth Amendment violations, they must be dismissed because nothing in the record supports such claims and none of the rights secured by those amendments are implicated either by the pleadings, the record, or as a matter of law. (Def. Br. at 7-8). Plaintiff does not address this argument in his opposition. (*See generally* Opp. Br.).

Plaintiff's failure to respond to Defendants' arguments, or to make any argument at all with respect to these elements of the claim constitutes abandonment. *Canario v. Cnty. of Rockland*, No. 24-CV-04470, 2025 WL 2522046, at *6 (S.D.N.Y. Sept. 2, 2025) (citing *Martinez v. Town of Clarkstown*, No. 23-CV-05364, 2024 WL 4124717, at *4 (S.D.N.Y. Sept. 9, 2024) (deeming a claim abandoned where plaintiff failed to respond to arguments in her opposition)).

Based upon the parties' pre-motion letters, discussion at the pre-motion conference, and this briefing, the only portions of this omnibus first claim for relief that have not been abandoned are false arrest and malicious prosecution.

A. False Arrest

A Section 1983 claim for false arrest rests on the Fourth Amendment right of an individual to be free from unreasonable seizures. *Daley v. Gomez*, No. 23-CV-00032, 2025 WL 1756296, at *5 (S.D.N.Y. June 24, 2025). A plaintiff is required to show that "the defendant intentionally confined him without his consent and without justification." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). Probable cause "is an absolute defense to a false arrest claim." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006).

"Probable cause to arrest . . . exists when the officer has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Wierzbic v. Howard*, 836 Fed. App'x 31, 34–35 (2d Cir. 2020). This standard is an objective one and evaluates "the reasonable conclusion to be drawn from the facts known to the officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). This standard requires that a court consider "the totality of the circumstances and . . . be aware that probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006). "The question of whether or not probable cause existed may be determinable as a matter of law if there is no dispute as to the pertinent events and the knowledge of the officers . . . ." *Weyant*, 101 F.3d at 852.

Qualified immunity, in turn, shields officers from liability under Section 1983 so long as "arguable probable cause" existed "to arrest the plaintiff." *Myers v. Patterson*, 819 F.3d 625, 632 (2d Cir. 2016) (quoting *Garcia v. Does*, 779 F.3d 84, 92 (2d Cir. 2014)). Arguable probable cause exists if either (i) "it was objectively reasonable for the officer to believe that probable cause existed," or (ii) "officers of reasonable competence could disagree on whether the probable cause test was met." *Id.* at 633 (quoting *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004)).

Here, the undisputed evidence, even when viewed in Plaintiffs' favor, is sufficient to conclude that there was probable cause—and at the very least, arguable probable cause—to arrest Plaintiff for driving while intoxicated.

It is undisputed that Ordway and D'Alfonso observed the Jeep traveling northbound at 73 miles per hour in a 45 mile per hour speed limit zone, which Ordway recorded on Plaintiff's

Uniform Traffic Ticket issued after the arrest. (56.1 ¶ 18; Luo Decl., Ex. L; *see also* Luo Decl., Ex. H (noting speeding offense)). Ordway testified further that he observed the Jeep cross into another lane through a no-passing zone to go around another vehicle. (Luo Decl., Ex. I at 118:9-16; *see also* Luo Decl., Ex. H (noting unsafe lane change offense)). It is undisputed that Ordway and D'Alfonso followed the Jeep to the Quality Inn and observed the Jeep in the back parking lot. (56.1 ¶¶ 19, 22-24). It is further undisputed that Ordway observed a female passenger in the front seat as well as a male and a female passenger in the back seat (*id.* ¶ 29), and that D'Alfonso observed a male individual exiting around the driver's side of the Jeep, which was documented in the police report and confirmed by D'Alfonso at Plaintiff's trial (Luo Decl., Ex. H; Ex. I at 70:11-71:9). While Plaintiff now contends that Mr. Lyle was the driver, it is undisputed that Plaintiff was the only authorized driver of the Jeep (56.1 ¶¶ 1, 2), Plaintiff was identified on the night of the arrest as the male observed by D'Alfonso exiting around the driver's side of the Jeep (Pl.'s CntrStmt. ¶ 4; 56.1 ¶ 31),[9] and it is undisputed that Mr. Lyle did not tell Ordway or D'Alfonso that night that he was allegedly the one driving the Jeep (56.1 ¶¶ 44, 45). Even though Plaintiff protests that Ordway and D'Alfonso concluded that he was the driver, "[p]olice officers have 'no duty to investigate an exculpatory statement of the accused, and their refusal to do so does not defeat probable cause.'" *Toussaint v. Cnty. of Westchester*, 615 F. Supp. 3d 215, 226 (S.D.N.Y. 2022). "This rule exists because 'requiring police officers to investigate exculpatory statements of

---

[9] Defendants had alleged that, according to D'Alfonso's testimony at trial, the individual observed outside the driver's side of the Jeep was identified as Plaintiff. (*See* 56.1 ¶ 31). Plaintiff denied that fact without citation to evidence contravening that fact, and then alleged in his "Counterstatement", without citation to any evidence at all, that Ordway and D'Alfonso "saw [Plaintiff] outside the [Jeep], attempting to enter the hotel." (Pl.'s CntrStmt. ¶ 4). Thus, the Court deems admitted that Plaintiff was identified as the individual outside the Jeep. Moreover, it is undisputed that there were four occupants in the Jeep headed to the Quality Inn, Plaintiff, Mr. Lyle, Ms. Marji, and Ms. Brito (56.1 ¶ 15), and it is undisputed that Ordway observed one male and one female passenger in the back seat of the Jeep and one female passenger in the front seat of the Jeep (*id.* ¶ 29).

the accused before making an arrest 'would be to allow every suspect, guilty or innocent, to avoid arrest simply by claiming it wasn't me.'" *Id.* Ordway and D'Alfonso certainly had a reasonable belief, based on this set of facts, that Plaintiff was in fact the driver and probable cause existed for the arrest.[10]

It is undisputed that Plaintiff had been drinking the night of his arrest, that Plaintiff affirmed that he had been drinking, that Plaintiff failed three SFSTs, and that a roadside breath test tested positive for the presence of alcohol. (*Id.* ¶¶ 35-39). A reasonable person, confronted with this set of facts, could conclude that probable cause existed under a totality of the circumstances to arrest Plaintiff for driving while intoxicated. At a minimum, Ordway and D'Alfonso possessed arguable probable cause to arrest Plaintiff, entitling them to qualified immunity, as it is inevitable that in some cases officers will "reasonably but mistakenly conclude that probable cause is present," and in such cases they "should not be held personally liable." *Cerrone v. Brown*, 246 F.3d 194, 202-03 (2d Cir. 2001); *Wheeler v. Kolek*, No. 16-CV-07441, 2020 WL 6726947, at *7 (S.D.N.Y. Nov. 16, 2020) (officers protected by qualified immunity if "a rational jury could *not* find that the officers' judgment was so flawed that no reasonable officer would have made a similar choice").

Accordingly, Defendants are entitled to summary judgment dismissing the false arrest claim based upon the Court's finding of probable cause to arrest Plaintiff for driving while intoxicated, arguable probable cause to arrest plaintiff for driving while intoxicated, and Ordway's and D'Alfronso's entitlement to qualified immunity.

---

[10] Plaintiff's opposition hinges on his contention, subsequent to the arrest, that he was not the driver. This, however, is a red herring. As explained, Ordway and D'Alfonso had probable cause, or at least arguable probable cause, to arrest Plaintiff for driving while intoxicated based on the undisputed facts and circumstances known to them at the time of the arrest.

11

B.  Malicious Prosecution

To establish a § 1983 claim for malicious prosecution, "a plaintiff must . . . establish the elements of a malicious prosecution claim under state law." *Frost v. New York City Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020) (quoting *Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010)). Under New York law, a plaintiff must allege: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Id.* When pressing a malicious prosecution claim under § 1983, the plaintiff must show also "that there was (5) a sufficient post-arraignment liberty restraint to implicate his Fourth Amendment rights." *Rohman v. New York City Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000). Recently, the United States Supreme Court modified the "termination" element of malicious prosecution. *See Thompson v. Clark*, 142 S. Ct. 1332, 1341 (2022) (holding "that a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence."). Now the "termination" element requires only that a plaintiff show "that the criminal prosecution ended without a conviction." *Id.* "[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York." *Johnson v. City of New York*, No. 18-CV-06256, 2020 WL 2732068, at *5 (S.D.N.Y. May 26, 2020); *Manganiello*, 612 F.3d at 161.

"Once a suspect has been indicted [New York] law holds that the Grand Jury action creates a presumption of probable cause." *Jones v. City of New York*, 846 F. App'x 22, 24 (2d Cir. 2021) (quoting *Rothstein v. Carriere*, 373 F.3d 275, 283 (2d Cir. 2004)); *Colon v. City of New York*, 455 N.E.2d 1248, 1250 (N.Y. 1983). "This presumption may be rebutted by showing that the indictment 'was produced by fraud, perjury, the suppression of evidence or other police conduct

undertaken in bad faith.'" *Id.* (quoting *Rothstein*, 373 F.3d at 283). Thus, in order for a plaintiff to succeed in a malicious prosecution claim after indictment, a plaintiff must "establish what occurred in the grand jury and to further establish that those circumstances warrant a finding of misconduct sufficient to erode the 'premise that the Grand Jury acts judicially.'" *Rothstein*, 373 F.3d at 284 (quoting *Colon*, 455 N.E.2d at 1250).

"[W]here a plaintiff's only evidence to rebut the presumption of the indictment is his version of events, courts will find such evidence to be nothing more than mere conjecture and surmise that the plaintiff's indictment was procured as a result of conduct undertaken by the defendants in bad faith, which is insufficient to rebut the presumption of probable cause." *Brandon v. City of New York*, 705 F. Supp. 2d 261, 272–73 (S.D.N.Y. 2010) (cleaned up) (collecting cases); *see also Merrill v. Copeland*, No. 19-CV-01240, 2022 WL 3212075, at *16 (N.D.N.Y. Aug. 9, 2022) (plaintiff's failure to explain how the proceedings before the grand jury were "tainted" insufficient to rebut presumption of probable cause created by grand jury indictment); *Gutierrez v. New York*, No. 18-CV-03621, 2021 WL 681238, at *12 (E.D.N.Y. Feb. 22, 2021) ("Plaintiff has adduced no evidence from which a reasonable juror could conclude that Defendants procured his indictment through fraud, perjury, or other bad faith."); *Soto v. City of New York*, 132 F. Supp. 3d 424, 456 (E.D.N.Y. 2015) (presumption unrebutted where the "[p]laintiff merely surmises there was bad faith . . . [and] has neither sought nor produced the grand jury minutes in this matter precluding any further evaluation of what occurred before the grand jury"); *Peterson v. Regina*, 935 F. Supp. 2d 628, 643 (S.D.N.Y. 2013) (finding plaintiff's offer of his "suspicions of impropriety as proof of the defendants' misconduct before the grand jury" insufficient to rebut presumption).

However, where a plaintiff's testimony is corroborated by other evidence in the record, a court faced with the parties' competing versions of events may not resolve probable cause at the summary judgment stage. *McClellan v. Smith*, 439 F.3d 137, 146 (2d Cir. 2006) (defendant police officer's several variations of his version of events sufficient to rebut the presumption); *Boyd v. City of New York*, 336 F.3d 72, 77 (2d Cir. 2003) (plaintiff's presentation of proof of impropriety— a police booking sheet which indicated that the plaintiff was arrested in a different location from that which the officers alleged in their grand jury testimony—sufficient to rebut presumption); *Coleman v. Cnty. of Nassau*, No. 16-CV-06099, 2021 WL 5447323, at *11 (E.D.N.Y. Nov. 22, 2021) (plaintiff's testimony corroborated by witness's testimony and allocution exculpating plaintiff sufficient to rebut presumption); *Brandon*, 705 F. Supp. 2d at 274 (two officers' conflicting stories, with one supporting plaintiff's version of events, sufficient to rebut presumption).

As an initial matter, it is undisputed that D'Alfonso did not initiate or continue a criminal proceeding against Plaintiff. (56.1 ¶ 52). "Under New York law, police officers can 'initiate' prosecution by filing charges or other accusatory instruments." *Banyan v. Sikorski*, No. 17-CV-04942, 2024 WL 2137882, at *7 (S.D.N.Y. May 13, 2024). Only Ordway filled out a Felony Complaint, accusing Plaintiff of driving while intoxicated; D'Alfonso did not. (56.1 ¶ 52; Luo Decl., Ex. N). Although this claim could be maintained against D'Alfonso despite the fact he did not directly file charges, Plaintiff would have had to establish that he "play[ed] an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act." *Bermudez v. City of New York*, 790 F.3d 368, 377 (2d Cir. 2015). "This element might be satisfied by, for example, showing that an officer generated witness statements or was regularly in touch with the prosecutor regarding the case." *Id.* Plaintiff also might maintain such a claim against

14

D'Alfonso if he were to have established that D'Alfonso "create[d] false information likely to influence a jury's decision and forward[ed] that information to prosecutors" or "with[held] relevant and material information." *Banyan*, 2024 WL 2137882, at *7. "Merely testifying, however, is not enough." *Id.*; *see also Burgess v. DeJoseph*, 725 F. App'x 36, 40 (2d Cir. 2018) (plaintiff "failed to present sufficient evidence to permit a jury to find defendants responsible for continuing [plaintiff's] prosecution," insofar as "defendants' post-arraignment involvement in the prosecution" was limited to "the normal police tasks of reporting information [and] giving testimony"). In addition to the failure of proof on this score, Plaintiff failed to respond to Defendants' argument for dismissal of the claim against D'Alfonso, thereby abandoning his claim of malicious prosecution against D'Alfonso. *Canario*, 2025 WL 2522046, at *6.

With respect to Ordway, Defendants argue—and the Court agrees—that although Ordway signed the Felony Complaint, Plaintiff's claim against Ordway for malicious prosecution fails because Ordway had probable cause to charge Plaintiff for driving while intoxicated. As discussed in greater detail *supra*, the undisputed evidence, even when viewed in Plaintiffs' favor, is sufficient to conclude that there was probable cause—and at the very least, arguable probable cause—to arrest Plaintiff for driving while intoxicated. Plaintiff's principal argument seeking to rebut the presumption of probable cause created by a grand jury indictment is that Ordway provided false testimony to the Grand Jury that he saw Plaintiff driving. (Opp. Br. at 10-12). Even if Plaintiff had established that Ordway lied to the Grand Jury, which he did not, "a plaintiff may not be able to rebut the presumption of probable cause by relying on a police officer's perjurious testimony before the grand jury." *Adamou v. Doyle*, 12-CV-07789, 2017 WL 1230541, at *3 (S.D.N.Y. Jan. 12, 2017); *see also Crespo v. Rivera*, 16-CV-00708, 2018 WL 4500868, at *12 (S.D.N.Y. Sept.

15

19, 2018) (collecting cases). Put simply, Plaintiff does not overcome the presumption of probable cause here.

Accordingly, Defendants are entitled to summary judgment dismissing the malicious prosecution claim.

II.   Second Claim for Relief: Abuse of Process

An abuse of process claim made under § 1983 incorporates the corresponding state law elements of abuse of process. *Toussaint*, 615 F. Supp. 3d at 228. To state such a claim, Plaintiff must show that Defendants "(1) employed regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse [or] justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Id.*; *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994). Here again, the existence of probable cause is fatal to such a claim for relief. *Toussaint*, 615 F. Supp. 3d at 228; *see also Kelsey v. Rutledge*, No. 21-CV-04298, 2022 WL 2110436, at *6 (S.D.N.Y. June 10, 2022) ("The existence of probable cause for Defendants to issue [an] accusatory instrument . . . precludes Plaintiff's claim of abuse of process."). Accordingly, this claim for relief must be dismissed.

Separately, Plaintiff argues—in bold, italics, and underlined—that he has raised a triable issue of fact on the third element concerning "collateral objective" because "courts routinely hold that such intended purpose may be inferred from circumstantial evidence – including departures from investigative procedure so severe that they evince a misuse of authority." (Opp. Br. at 14). Plaintiff cites no case or other support for this proposition. The "collateral objective" requirement means that Defendants "must have an improper purpose or objective in instigating the action beyond the plaintiff's criminal prosecution." *Acosta v. Ferraro*, No. 22-CV-01798, 2024 WL 4593611, at *4 (S.D.N.Y. Oct. 28, 2024); *Savino v. City of New York*, 331 F.3d 63, 77 (2d Cir.

16

2003). "[A] desire to make an arrest is not a purpose that is collateral to the proper use of legal process." *Hoyos v. City of New York*, 999 F. Supp. 2d 375, 392 (E.D.N.Y. 2013) ("Even assuming that defendants acted with a malicious motive, such as personal animus, in arresting Hoyos, plaintiff alleges merely that they employed legal process for the purpose (making an arrest) for which the law created it."). There is no evidence in this record that Defendants were doing anything beyond or in addition to his criminal prosecution when Ordway and D'Alfonso arrested Plaintiff, or when any Defendant testified, or when they undertook an investigation at the behest of an Assistant District Attorney. Plaintiff has failed to raise a genuine issue of material fact regarding the existence of a collateral purpose other than that of securing his arrest and prosecution.

Accordingly, Defendants are entitled to summary judgment dismissing Plaintiff's second claim for relief.

III.    Third Claim for Relief: Denial of Fair Trial

"The Due Process Clause guarantees a criminal defendant's right to a fair trial." *Frost*, 980 F.3d at 244. "This right is violated '[w]hen a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors.'" *Id.* (quoting *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997)). To establish a fair trial claim based on fabrication of evidence, a plaintiff must show that "an (1) investigating official (2) fabricates information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result." *Ganek v. Leibowitz*, 874 F.3d 73, 90 (2d Cir. 2017) (quoting *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir. 2016)). "[U]nlike a malicious prosecution claim, 'a Section 1983 claim for the denial of a right to a fair trial based on an officer's provision of false information to prosecutors

can stand even if the officer had probable cause to arrest the Section 1983 plaintiff.'" *Frost*, 980 F.3d at 244 (quoting *Garnett*, 838 F.3d at 277-78)).

While "'a § 1983 plaintiff's testimony alone may be independently sufficient to raise a genuine issue of material fact,'" *McKenzie v. City of New York*, No. 17-CV-04899, 2019 WL 3288267, at *16 (S.D.N.Y. July 22, 2019) (quoting *Bellamy v. City of New York*, 914 F.3d 727, 746 (2d Cir. 2019)), summary judgment is appropriate where a plaintiff has failed to "present[ ] evidence indicating that an officer falsified information or fabricated evidence." *Bennet v. Vidal*, 267 F. Supp. 3d 487, 499 (S.D.N.Y. 2017).

Plaintiff argues that he has raised a triable issue of fact whether the Incident Report signed by Ordway was falsified, because he and Defendants offered contradictory testimony as to whether Plaintiff stated he was the driver immediately prior to the arrest. (Opp. Br. at 18-19 (citing Luo Decl., Ex. N)). Whether or not Plaintiff actually made those statements, Plaintiff applied his initials, "RF," to the verification portion to Ordway's charging instrument which stated that vehicle operation was shown by admissions and detailed what those admissions were. (Luo Decl., Ex. M).

"[A] mere difference in the testimony of the plaintiff and the officers about what occurred on the day of the arrest is not sufficient evidence to create a genuine dispute of material fact as to whether [Defendants] intentionally falsified information or fabricated evidence." *Lauderdale v. City of New York*, No. 15-CV-01486, 2018 WL 1413066, at *8 (S.D.N.Y. Mar. 19, 2018); *see also Gutierrez v. New York*, No. 18-CV-03621, 2021 WL 681238, at *18 (E.D.N.Y. Feb. 22, 2021) (granting summary judgment on a denial of the right to a fair trial claim because plaintiff "offered no evidence in support of his claims that the evidence was planted"); *Isaac v. City of New York*, No. 16-CV-04729, 2020 WL 1694300, at *9 (E.D.N.Y. Apr. 6, 2020) ("Plaintiff claims that the testimony of four witnesses and [the] defendant . . . was false, but offers no evidence in support,

18

other than his own testimony."); *Bennett*, 267 F. Supp. 3d at 498 (granting summary judgment dismissing right to a fair trial claim in the absence of evidence of deliberate misidentification); *Greene v. City of New York*, No. 08-CV-00243, 2017 WL 1030707, at *25 (E.D.N.Y. Mar. 15, 2017) (granting summary judgment on a denial of the right to a fair trial claim because the contention that officers deliberately falsified evidence was based on "sheer speculation, and [did] not create a material issue of fact for trial"), *aff'd*, 742 F. App'x 532 (2d Cir. 2018).

Further, the record does not establish that Plaintiff suffered a deprivation of life, liberty, or property as a result of the allegedly fabricated evidence that Plaintiff admitted he was driving. Although Plaintiff makes no argument in his opposition brief concerning causation or any deprivation of liberty, it is undisputed that his August 5, 2020 arrest and detention was due to a violation of the provisions of his preexisting parole. (56.1 ¶ 55). Plaintiff has failed to offer any evidence to bridge the gap between his detention for violation of parole, and any alleged fabricated evidence by Ordway.

Plaintiff has not presented evidence in support of his claims that Defendants fabricated evidence sufficient to defeat the motion for summary judgment or that such allegedly fabricated evidence caused him to suffer a deprivation of life, liberty, or property. Accordingly, Defendants are entitled to summary judgment dismissing Plaintiff's denial of fair trial claim.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED and the Third Amended Complaint is dismissed.

The Clerk of Court is respectfully requested to terminate the motions pending at Doc. 90 and Doc. 94 and close this case.

19

**SO ORDERED:**

Dated: White Plains, New York
     March 3, 2026

_____

Philip M. Halpern
United States District Judge